Reevaot), J.,
delivered the opinion of the whole court. We have 'considered this case, and are all of opinion the decision of the Dls. irict Court was correct. The judgment must conform to the ver-diet, which is for four undivided ninths of a'eertain tract of land ; and the execution must conform to the judgment, to put the plaintiffs in poossession of the four undivided ninths of the same land. The plaintiffs must haye possession of thé whole tract; but not ex. elusive possession. The Co-tenants not named in the judgment, are also entitled to their undivided ports of the land. The sheriff ill executing the writ, by which he will be authotized to put the plaintiffs in possession, will be bound to give them possession of the whole, as their four-ninths cannot be distinguished from the other ninths, to which other persons, npt named in the judgment, are entitled ; but in doing this, he must take care not to oust or disturb any of those other persons so entitled, or persons holding under them. The plaintiffs ought to point out to the sheriff the land mentioned in the writ and judgment, and those wrongfully in possession who are to be put out; and if the sheriff is doubtful, he may demand indemnity from the plaintiffs. In the present case, however, it cannot be pre-* Sumed that the defendant is entitled to keep possession, as co-tenant, as had he been co-tenant when the suit was prosecuted, he might have pleaded that circumstance in ¿abatement. If he has become entitled by purchase since, he may- hereafter bring his writ of partition for his part, and the. recovery in this case, and writ of pos. session, will not prejudice his right. And if he should be unjustly expelled by the sheriff in executing the writ of habere facias posses-sionem, lie may be relieved in a summary way by the Court of the District on motion. The judgment and execution for an undivided part will authorize the sheriff to put the plaintiffs in possession of the whole, i
Motion rejected.